```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                            CRIMINAL NO. 3:05-cr-80-WHB
                                        CIVIL ACTION NO. 3:07-cv-184-WHB

**JESSIE LAMONT STEWART**


## OPINION AND ORDER

This cause is before the Court on two related Motions. The first is Defendant's Motion to Vacate Conviction and Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), and the second is the Defendant's Motion for Summary Judgment. As Defendant is proceeding on these Motions *pro se*, his pleadings have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court has considered the Motions, Responses, attachments to the pleadings, as well as supporting and opposing authorities, and finds that neither Motion is well taken, and that both should be denied.


### I. Factual Background and Procedural History

On November 8, 2005, Defendant pleaded guilty to one count of knowingly, intentionally, and unlawfully possessing with the intent to distribute, approximately 99 net grams of cocaine base, a Schedule II narcotic, in violation of 21 U.S.C. § 841(a)(1). Defendant was sentenced on January 20, 2006, to a 240 month term of imprisonment, to be followed by five years of supervised release.

Defendant was also ordered to pay a fine in the amount of $1,500.00 and a special assessment of $100.00.  The Judgment in Defendant's criminal case was entered on January 27, 2006.

On January 23, 2007, Defendant filed a "Rule 35(a) Motion 18 U.S.C." in which he argued that he should be re-sentenced because the sentence he was given violated his rights under 18 U.S.C. § 3553.  The Government responded to the Motion on January 25, 2007.  In its response, the Government argued that Defendant's Motion, if brought pursuant to Rule 35(a) of the Criminal Rules of Civil Procedure, was time-barred.  The Government also argued that the only way Defendant could challenge his sentence was through a motion brought pursuant to 28 U.S.C. § 2255, and requested that the Court require Defendant to clarify whether he was proceeding under Rule 35(a) or 28 U.S.C. § 2255.  Thereafter, Defendant requested, and was granted, a thirty-day extension in which to respond to the Response filed by the Government.  Instead of filing a response, Defendant filed a "Motion to Dismiss Rule 35(a) Motion to Correct an Illegal Sentence" on February 28, 2007, which was granted on March 2, 2007.

On or about March 26, 2007, Defendant filed the subject Motion to Vacate in which he challenges (1) the sufficiency of the Indictment, (2) the constitutionality of 21 U.S.C. § 841, (3) whether his guilty plea was entered knowingly and intelligently, and (4) the effectiveness of his counsel.  Thereafter, on July 13,

2

2007, Defendant filed a Motion for Summary Judgment.  Defendant's Motions are now ripe for consideration.

## II.  Legal Analysis

### A.  Motion for Summary Judgment

Defendant moves for summary judgment on the basis that the Government did not timely respond to his Motion to Vacate.  The record shows that on April 12, 2007, the Court entered an Order whereby the Government was required to respond to Defendant's Motion to Vacate within thirty days of the date on which Joseph M. Hollomon, former counsel for Defendant, filed his Affidavit addressing Defendant's allegations of ineffective assistance of counsel.  Hollomon's Affidavit was filed on June 21, 2007, and the Government filed its Response to the subject Motion to Vacate on July 11, 2007.  As the Government filed its Response within the thirty-day time period ordered by the Court, the Court finds that Defendant's Motion for Summary Judgment lacks merit, and should be denied.

### B.  Motion to Vacate

The Government seeks dismissal of Defendant's Motion to Vacate arguing it is time-barred.  Under 28 U.S.C. § 2255, a motion to vacate must be filed within one year of:

> (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Judgment in Defendant's underlying criminal case was entered on January 27, 2006.  For the purpose of beginning the one-year statute of limitations under 28 U.S.C. § 2255, the Judgment became "final" ten days thereafter, on February 10, 2006.  See United States v. Seymour, Civil Action No. 1:06-cv-1122, 2007 WL 710148, at *1 (S.D. Miss. Mar. 6, 2007)(citations omitted) (finding, in criminal cases in which no appeal is taken, that the judgment becomes final ten days after it is entered by the district court).  Thus, to be timely, Defendant was required to file his Motion to Vacate under 28 U.S.C. § 2255 on or before February 10, 2007.  As Defendant did not file the subject Motion to Vacate until March 26, 2007, the Court finds it is time-barred.

The Court additionally finds that Defendant's filing of his "Rule 35(a) Motion 18 U.S.C." on January 23, 2007, did not toll the applicable one year statute of limitations.  The prior motion sought relief under Rule 35(a) of the Federal Rules of Criminal Procedure.  Although the Government sought clarification from

4

Defendant as to whether he was proceeding under Rule 35(a) or 28 U.S.C. § 2255, Defendant neither indicated that he was proceeding under 28 U.S.C. § 2255, nor advised the Court that he wanted to amend or convert his prior motion into a 2255 motion. Instead, Defendant filed a motion to dismiss his prior motion without prejudice. In his motion to dismiss, Defendant did not inform the Court that he was planning to file a Motion to Vacate under 28 U.S.C. § 2255, and did not request additional time in which to file such motion. Because Defendant did not relate his intentions to the Court at the time dismissal of the prior motion was sought, the Court finds that Defendant was not misled with regard to the timeliness of a second Motion to Vacate by the Order granting his motion to dismiss.

Finally, although the Government challenged the timeliness of Defendant's Motion to Vacate in its Response to that Motion, and specifically argued that it should be dismissed because it was filed after the one-year statute of limitations had run, Defendant did not file any additional pleadings or otherwise offer any argument or evidence to show that the statute of limitations should be statutorily or equitably tolled. Accordingly, the Court finds that Defendant's Motion to Vacate is time-barred and should be denied.

Even if Defendant's Motion to Vacate was timely, the Court finds it should be denied on the merits. The record shows that Defendant entered a Memorandum of Understanding ("MOU") through

5

which he agreed to plead guilty to one count of violating 21 U.S.C. § 841(a)(1), as charged in the Indictment. During a hearing on November 8, 2005, Defendant's guilty plea was accepted by the Court. During this hearing, Defendant admitted that he was in possession of the 93.7 grams of crack cocaine that were found by police while executing a search warrant in an apartment located in Jackson, Mississippi. Defendant also acknowledged that he was guilty of violating 21 U.S.C. § 841(a)(1); he had read and understood the MOU which included a stipulation as to the amount of drugs involved, and the maximum penalties that could be imposed by the Court at sentencing; and that he was waiving his right to appeal or contest his conviction and sentence in a post-conviction pleading. The waivers in the MOU include:

> The defendant, knowing and understanding all of the matters aforesaid ... hereby expressly waives the rights to:
>
> a. appeal the conviction or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in 18 U.S.C. § 3742, or on any ground whatsoever, and
>
> b. contest the conviction, sentence, or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to, a motion brought pursuant to 28 U.S.C. § 2255.

See Memorandum of Understanding [Docket No. 14], at ¶ 16 (a) & (b). The undersigned has reviewed the MOU as well as the Transcripts of Defendant's plea hearing and sentencing hearing, which were attached by the Government as exhibits to its Response to Defendant's Motion to Vacate. Based on the content of the plea and

6

sentencing hearing, the MOU, and the observations of the undersigned, the Court finds that Defendant's guilty plea and waiver of rights were knowingly, intelligently, and voluntarily made.[1]

The United States Court of Appeals for the Fifth Circuit has held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceeding." United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999). Thus, the waiver of the right to contest a conviction or sentence is expressly recognized in this circuit. See e.g. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court finds that under the express language of the MOU, Defendant waived his right to contest his conviction, sentence, or the manner in which his sentence was imposed. Accordingly, the Court finds that Defendant has waived the following arguments raised in his Motion to Vacate: (1) the Indictment was insufficient; (2) 21 U.S.C. § 841(a)(1) is unconstitutional because it violates the decision of the United

---

[1] In his Motion to Vacate, Defendant argues that his plea was not knowingly or intelligently entered because he did not know that the Government would have to prove the elements of the indicted offense, specifically the amount of drugs involved, at trial. The Court finds that this argument lacks merit as (1) the Court informed Defendant that the Government would have the burden of proving him guilty beyond a reasonable doubt before his guilty plea was accepted, and (2) Defendant stipulated to the amount of drugs involved in the MOU he signed prior to entering his guilty plea. See Resp. to Mot. to Vacate, Ex. A (Tr. of Plea Hearing), at 6 and MOU [Docket No. 14], at ¶ 1(b).

7

States Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)[2]; (3) the Indictment was deficient because it did not list the possible penalties for violating 21 U.S.C. § 841(a)(1); and (4) the Court failed to advise him of the elements of the charge against him during the plea hearing.

Under Fifth Circuit precedent, only Defendant's claim of ineffective assistance of counsel may, in limited circumstances, survive his waiver of rights. <u>See</u> <u>United States v. White</u>, 307 F.3d 336, 337 (5th Cir. 2002) (holding "that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."), <u>United States v. Wise</u>, 179 F.3d 184, 186 (5th Cir. 1999).

In this case, Defendant raises three general claims of ineffective assistance of counsel. First, Defendant argues that he received ineffective assistance of counsel because Hollomon failed to object to the Pre-sentence Investigation Report. The Court finds that as this argument does not relate to validity of either Defendant's waiver of rights or the plea agreement, this argument has been waived. <u>See</u> <u>White</u>, 307 F.3d at 344 (affirming dismissal

---

[2] On this issue, the Fifth Circuit has found: "We see nothing in the Supreme Court decision in <u>Apprendi</u> which would permit us to conclude that 21 U.S.C. §§ 841(a) and (b), 846, and 860(a) are unconstitutional on their face." <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2001).

8

of ineffective assistance of counsel claim raised in a 28 U.S.C. § 2255 motion because the claim did not relate to whether the defendant's "waiver in his plea agreement was unknowing or involuntary."). Second, Defendant argues that he received ineffective assistance of counsel because Hollomon had a conflict of interest when providing representation. Again, as this argument does not relate to the validity of either Defendant's waiver of rights or the plea agreement, the Court finds that this argument has likewise been waived. Finally, Defendant argues that he received ineffective assistance of counsel because Hollomon did not argue that the Indictment was defective and that he stipulated to an "improper drug amount." As with Defendant's other arguments, the Court finds that this argument does not relate to validity of either Defendant's waiver of rights or the plea agreement and, therefore, it has been waived. See e.g. United States v. Simmons, No. 97-40678, 1998 WL 224564, at *2 (5th Cir. Apr. 21, 1998) (finding that the defendant's ineffective assistance of counsel was waived because he did not argue that "his attorney's performance affected his decision to plead guilty.") (citing Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) ("[B]ecause we have already held Smith's plea to be voluntary, it follows that his claims of ineffectiveness [of counsel] unrelated to the guilty plea are waived.").

After reviewing the record in this case, the arguments made by Defendant in his pleadings, and controlling Fifth Circuit case law,

9

the Court finds that Defendant's Motion to Vacate is both untimely and not well taken on the merits and, therefore, should be denied.

### III.  Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Docket No. 30] is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [Docket No. 25] is hereby denied.

IT IS FURTHER ORDERED that this cause be finally dismissed with prejudice.  A separate Final Judgment will be entered this day.

SO ORDERED this the 1st day of October, 2007.


                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT COURT